**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **PETER DURANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **24-12569-FDS** |
| | ) | |
| **ALERION YACHTS, LLC,** | ) | |
| | ) | |
| **Defendant,** | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR
ENTRY OF FINAL JUDGMENT AND DEFENDANT'S CROSS-PETITION
TO VACATE, MODIFY, OR CORRECT ARBITRATION AWARD**

SAYLOR, C.J.

This is an action to confirm an arbitration award. The award was entered in a contract

dispute between plaintiff Peter Durant and defendant Alerion Yachts, LLC. Defendant contends

that the award must be vacated, modified, or corrected because of an alleged error in the award

concerning the accrual of pre-judgment interest.

Plaintiff has moved to confirm the award with a modification to the interest calculation in

favor of defendant, and defendant has filed a cross-petition to vacate, modify, or correct the

award. For the reasons set forth below, plaintiff's motion for entry of final judgment confirming

a modified award will be granted to the extent it seeks confirmation of the award and denied to

the extent it seeks a modification of the award, and defendant's cross-petition, construed as a

motion, will be denied.

I.    **Background**

The facts are set forth below as recorded in the arbitrator's award unless otherwise

noted.[1]

On December 2, 2021, Peter Durant entered into a contract to purchase a sailing vessel from Alerion Yachts, LLC.  The vessel was to be delivered on June 30, 2022.  In the event of a delay in delivery of more than 90 days past the agreed-upon delivery date, Durant was entitled to a refund of all payments made.

Durant paid Alerion $336,252 in six installments over the course of approximately 24 months, but the vessel was never delivered.  On March 6, 2024, Durant demanded a refund within 30 days, but Alerion never returned the funds.

On April 30, 2024, Durant filed a demand for arbitration seeking an award against Alerion for breach of contract and fraud.  An arbitration hearing was held on September 24, 2024.  The arbitrator issued an award on September 27, 2024, finding in favor of Durant on both counts and awarding him $336,252.  The award also provided that interest would accrue on that amount at "the Massachusetts rate of judgment interest, i.e., [12%] simple per annum . . . from July 1, 2022, and continuing until the Award is paid."

On October 7, 2024, Durant filed a petition to confirm the arbitration award and enter final judgment.  On December 4, 2024, Alerion filed an answer to the petition along with a cross-petition to vacate, modify, or correct the arbitration award.  In its cross-petition, Alerion asserts that because the earliest point at which a refund could become due under the contract was 90 days after the agreed-upon delivery date of June 30, 2022, the arbitrator's award of interest beginning on July 1, 2022, was clearly erroneous and exceeded the arbitrator's power.

On December 24, 2024, Durant filed the present motion for entry of final judgment or, in

---

[1] In determining the relevant facts upon review of an arbitration award, a reviewing court is "bound by an arbitrator's findings of fact."  *Mercy Hosp., Inc. v. Mass. Nurses Ass'n.*, 429 F.3d 338, 344 (1st Cir. 2005) (citing *El Dorado Tech. Servs. Inc. v. Union Gen. De Trabajadores*, 961 F.2d 317, 320 (1st Cir.1992)).

the alternative, to dismiss the cross-petition.  In the motion, in response to Alerion's dispute

concerning the interest calculation, Durant proposes a modification of the interest awarded—

specifically, a recalculation of interest based upon a starting date of September 29, 2022, instead

of July 1, 2022.

## II.    <u>Applicable Law</u>

Plaintiff's petition to confirm the arbitration award and enter final judgment states that it

is being made "pursuant to the Massachusetts Uniform Arbitration Act . . . and the Federal

Arbitration Act."  (Compl. at 1).  However, in its opposition, defendant asserts that confirmation

is governed by the MAA, not the FAA.  (Opp. at 2).  In his reply, plaintiff appears to agree,

stating that "defendant . . . admits that the [MAA] governs this dispute."  (Reply at 1).

The contention that the MAA governs this dispute is based upon the choice-of-law

provision in the parties' contract, which states:  "This Agreement shall be governed by and

interpreted in accordance with the [l]aws of the Commonwealth of Massachusetts."  (Compl.

Ex. 1 at 2).  A generalized choice-of-law provision is not sufficient to displace application of the

FAA.  "FAA displacement . . . can occur 'only if the parties have so agreed explicitly.'"  *Dialysis

Access Ctr., LLC v. RMS Lifeline, Inc.*, 932 F.3d 1, 7 (1st Cir. 2019) (quoting *Ortiz-Espinosa v.

BBVA Secs. of P.R., Inc.*, 852 F.3d 36, 42 (1st Cir. 2017), abrogated on other grounds by

*Badgerow v. Walters*, 596 U.S. 1 (2022)).

Plaintiff's apparent acceptance of defendant's contention that the MAA governs—

expressed for the first time in briefing in this Court—is not an explicit contractual agreement

sufficient to displace the FAA.  Nor is the contract's generic choice-of-law provision.  *See

Ribadeneira v. New Balance Athletics, Inc.*, 65 F.4th 1, 13 (1st Cir. 2023) (stating that a contract

provision that "provides that the . . . agreement 'shall be governed by and construed in

accordance with' Massachusetts law, is the kind of generic choice-of-law provision we have

previously held insufficient for FAA displacement").

"The FAA applies when there is federal subject matter jurisdiction, *i.e.*, diversity jurisdiction . . . and when the contract calling for arbitration evidences a transaction involving interstate commerce." *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 120 (2d Cir. 1991) (cleaned up). The Court has diversity jurisdiction, and the contract was made between a resident of Washington and a Massachusetts-based company for delivery of a vessel that was to be built in North Carolina, therefore clearly involving interstate commerce. Thus, because the parties did not explicitly agree to displace the FAA, the FAA applies to this action.

## III.    <u>Standard of Review</u>

Judicial review of an arbitration decision is "extremely narrow and exceedingly deferential." *Dennis v. Wachovia Sec., LLC*, 429 F. Supp. 2d 281, 287 (D. Mass. 2006) (quoting *Wheelabrator Envirotech Operating Servs., Inc. v. Mass. Laborers Dist. Council Local 1144*, 88 F.3d 40, 43 (1st Cir. 1996)). When a party seeks judicial review of an arbitration decision, a court will "set that decision aside only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). Indeed, an arbitrator's award will be upheld even in light of a "serious factual mistake" so long as "there exists any plausible argument to support the arbitrator's decision." *Dennis*, 429 F. Supp. 2d at 287 (quoting *North Adams Reg'l Hosp. v. Mass. Nurses Ass'n*, 889 F. Supp. 507, 512-13 (D. Mass. 1995)).

## IV.    <u>Analysis</u>

Section 9 of the FAA states that upon application to an appropriate court, "the court *must* grant" an order confirming the award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9 (emphasis added). Here, defendant filed a cross-petition to vacate, modify, or correct the arbitration award, but plaintiff contends that it was improperly brought as a counterclaim, not a motion, and therefore must be dismissed.

Section 6 of the Federal Arbitration Act directs that "any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6. That means that the Federal Rules of Civil Procedure generally do not apply to actions to confirm, modify, or vacate arbitration awards. *See* Fed. R. Civ. P. 81(a)(3); *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570-71 (7th Cir. 2007). Thus, defendant's request for the Court to vacate or modify the arbitration award should have been brought as a motion rather than an answer or counterclaim. *See Webster*, 507 F.3d at 570-71.

The court, however, has the power to treat defendant's cross-petition as a motion if, despite its form, its substance is that of a motion. *See Contech Const. Products, Inc. v. Heierli*, 764 F. Supp. 2d 96, 106 (D.D.C. 2011) ("Federal courts . . . have discretion to treat a petition to vacate as a motion if the parties have fully developed the issue or issues for the court."); *Questar Capital Corp. v. Gorter*, 909 F. Supp. 2d 789, 799-804 (W.D. Ky. 2012) ("[T]he critical distinction is whether the filing seeking vacatur presents itself as a pleading . . . or as a motion.").

In substance, defendant's filing meets the requirements to constitute a motion. Fed. R. Civ. P. 7(b)(1) states that a motion "must: (A) be in writing . . . ; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." While brief, defendant's cross-petition is in writing, states with particularity the factual basis for defendant's request, and states the relief sought. And while an accompanying memorandum of law was not filed with the cross-petition, the parties have had the opportunity to develop their arguments in briefing and, given the relative simplicity of the dispute, the parties will not be prejudiced by treatment of the petition as a motion. *See Contech Const. Prods., Inc. v. Heierli*, 764 F. Supp. 2d 96, 106 (D.D.C. 2011). Accordingly, the Court will treat the counterclaim as a motion to vacate or modify the arbitration award.

The "burden placed on the party seeking vacatur is extraordinarily high, given the strong federal policy in favor of enforcing arbitral awards." *Kruse v. Sands Bros. & Co., Ltd.*, 226 F. Supp. 2d 484, 487 (S.D.N.Y. 2002). Defendant contends that because the arbitrator awarded prejudgment interest beginning at too early a date, he "exceeded his power as arbitrator" and the award should be vacated. (Cross Pet. ¶¶ 13-14). It points to the clause of the contract that provides:

> In the event of (a) a delay in the Delivery Date of more than 90 days for any reason not initiated by Purchaser, or (b) the inability of Builder to deliver the Yacht or arrange for a replacement with equal specifications before the expiration of such 90 day period, Purchaser may elect to have all payments made to Alerion returned.

(Compl. Ex. 1 at 1). The agreed-upon delivery date was "June 30, 2022 goal." (*Id.*). Defendant therefore contends that because the earliest point at which plaintiff was contractually entitled to a refund was September 28, 2022, the earliest point at which interest could begin to accrue was September 29, 2022, not July 1, 2022, as set forth in the arbitrator's award.

Mere disagreement with an arbitrator's finding is not a sufficient basis for overturning an award. The Supreme Court has made clear that so "long as an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

Nonetheless, "[e]ven under the highly deferential standard that constrains judicial review of arbitral awards, the moving party may establish entitlement to vacation of an arbitral award on a persuasive showing that the arbitrator's interpretation is contrary to the plain language of the contract." *Cytyc Corp. v. DEKA Prods. Ltd. P'ship*, 439 F.3d 27, 34 (1st Cir. 2006). Making such a showing, however, "requires the movant to demonstrate that the award is '(1) unfounded

6

in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact.'" *Id.* (quoting *Advest, Inc. v. McCarthy*, 914 F.2d 6, 8-9 (1st Cir. 1990)).

Here, the arbitrator expressly noted the refund provision, the schedule of payments, and plaintiff's refund request. He went on the find that "defendant breached by not delivering a (at least substantially) complete sailing vessel; and, . . . as a result [plaintiff] has suffered damages of $336,252.00." (Compl. Ex. 2 at 2). While not explicitly stated, the arbitrator clearly found that the breach occurred when defendant failed to deliver the yacht by the agreed-upon date, and thus set interest to begin accruing on July 1, 2022. And it is not beyond reason for the arbitrator to have set the refund provision to the side when determining the date of breach. That provision was merely an additional remedy provided by the contract; there was no language suggesting it was intended to be a restriction of remedies or that it somehow altered the agreed-upon delivery date. Thus, the Court cannot say that the arbitrator's determination of the dates of breach and beginning of pre-judgment interest accrual are so far divorced from any conceivable construction of the contract that it would warrant vacatur of the award.

The same goes for modification and correction. Section 11 of the FAA sets out the exclusive bases for modifying or correcting an arbitral award. *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 583 (2008). Section 11 states that upon application of a party, a district court may modify or correct an award in the following cases:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter

submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

Defendant contends that modification or correction is warranted because of the arbitrator's "clearly erroneous" award of interest beginning on July 1, 2022.  (Cross-Pet. ¶ 13). Here, the only prong of Section 11 that such an error might fall under is 11(a).  However, the alleged error is not a "miscalculation of figures" or a "mistake in description."  Defendant only challenges the date that the arbitrator set for interest to begin accruing, which ultimately reduces to a factual and legal conclusion as to when the breach occurred.  Even if that conclusion was erroneous, "[c]ourts do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts."  *Misco*, 484 U.S. at 38.

In sum, when determining whether to uphold, vacate, or modify an arbitration award, federal courts apply "one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer–Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir. 1990).  "[D]isputes that are committed by contract to the arbitral process almost always are won or lost before the arbitrator.  Successful court challenges are few and far between." *Teamsters Local Union No. 42 v. Supervalu, Inc.*, 212 F.3d 59, 61 (1st Cir. 2000).  And here, defendant's challenge to the arbitrator's award of interest does not suffice to outweigh the extraordinary deference owed by this Court to the arbitrator's decision.  Thus, defendant's cross-petition, treated as a motion, will be denied.  And where an award is not vacated or modified, Section 9 of the FAA "carries no hint of flexibility" in directing that, "on application for an order confirming the arbitration award, the court 'must grant'" the motion. *Hall Street*, 552 U.S. at 587.  Thus, the Court will enter judgment confirming the arbitration award as written.  To that extent, plaintiff's

motion for confirmation of the arbitration award and entry of judgment will be granted.[2]

However, to the extent that plaintiff's motion seeks entry of judgment confirming a modified award, the motion will be denied. In its cross-petition, defendant states: "Durant was not entitled to a refund of all payments until September 28, 2022[,] at the earliest, and the award of interest should not have commenced on July 1, 2022." (Cross-Pet. ¶ 14). In an attempt to "address Alerion's sole concern," (Pl. Mem. at 1), plaintiff moved for entry of judgment of a modified award providing for prejudgment interest beginning on September 29, 2022, (*Id.* at 1-2).[3] Even though such a concession may be entirely appropriate—and, indeed, works in defendant's favor—the Court does not have the power to modify the arbitration award in that respect. Furthermore, plaintiff's motion for confirmation of a modified order does not amount to a joint stipulation or agreement between the parties.[4] In fact, in its opposition, defendant states that "prejudgment interest can accrue no earlier than April[] 2023," not September 29, 2022. (Opp. at 2). And even if the parties had come to agreement, the Court is not empowered to modify an arbitration award on that basis. Again, the *exclusive* bases for modification of an arbitration award are set out in Section 11 of the FAA, and none are applicable here. Thus, the

---

[2] The arbitration award states that "[i]nterest is awarded . . . at the Massachusetts rate . . . from July 1, 2022, and continuing until the Award is paid." (Compl. Ex. 2 at 2). However, once judgment is entered in federal court, the federal rate for post-judgment interest applies. *See Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) ("[O]nce an arbitration award is confirmed in federal court, the rate specified in [28 U.S.C.] § 1961 applies."). And while the language of "continuing until the Award is paid," read literally, would apply post-judgment, courts have consistently read such language to be only awards of pre-judgment interest. *See Mid Atl. Cap. Corp. v. Bien*, 956 F.3d 1182, 1210 (10th Cir. 2020) ("[The] key misstep is in reading the 'until paid in full' language as providing for an award of postjud[g]ment interest. Court after court has rejected this argument.").

[3] Plaintiff moved, in the alternative, for "dismissal" of defendant's cross-petition. To the extent that plaintiff intended that alternative motion to be a request to confirm the award as written, that motion will be granted.

[4] Defendant's cross-petition simply states that "Durant was not entitled to a refund of all payments until September 28, 2022[,] at the earliest." (Cross-Pet. ¶ 14). As discussed, the refund clause is not necessarily determinative of the date of breach in this case. However, even if it were, defendant's cross-petition "d[oes] not state that pre-judgment interest *should* run from September 29, 2022, it simply state[s] that September 28, 2022[,] was the earliest date on which pre-judgment interest *could* possibly commence." (Opp. at 1). Thus, plaintiff's proposed modification does not represent an agreement between the parties.

Court must confirm the award, and "a court is required to enforce an arbitration award *only* as written by the arbitrator." *Brown v. Witco Corp.*, 340 F.3d 209, 216 (5th Cir. 2003).

While the Court may not be empowered to modify the award in the manner proposed by plaintiff, plaintiff of course has the ability, when collecting the award, to do so in a manner consistent with its proposal.

**V.    <u>Conclusion</u>**

For the foregoing reasons, plaintiff's motion for entry of judgment is GRANTED to the extent it seeks confirmation of the arbitration award as written and DENIED to the extent it seeks modification of the award. Defendant's cross-petition, construed as a motion to vacate, modify, or correct the award, is DENIED.

Judgment is entered confirming the arbitration award as written, except that post-judgment interest shall accrue at the federal rate.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  May 9, 2025